BANK OF THE METROPOLIS, (NEW ENGLAND BANK v.) See Case No. 10,-152.

## Case No. 902.

### BANK OF THE METROPOLIS v. SWANN.

[4 Cranch, C. C. 139.][1]

Circuit Court, District of Columbia. May Term, 1831.

APPEAL BOND — ACTION ON — MEASURE OF DAMAGES.

1. In an action upon an appeal-bond to the supreme court of the United States, in setting forth the breach of the condition, it must be averred that the plaintiff has sustained damages to a certain amount, by the defendant's not making his plea good.

2. The defendant is not bound by the condition of the bond, absolutely to pay the amount of the original judgment, nor even the damages and costs that may be awarded by the appellate court for the delay; but only to answer such damages and costs as the appellee shall sustain by the appellant's failure to make his plea good.

At law. Debt upon a bond given upon appeal to the supreme court of the United States, executed by Robert Y. Brent, Joseph Pierson, and the defendant, Thomas Swann, to the plaintiff, [the Bank of the Metropolis,] in the penalty of $2,500, dated 14th February, 1825, with the following condition: "Whereas lately, at a circuit court of the United States, for the District of Columbia, in the county of Washington, in a suit depending in the said court, wherein the Bank of the Metropolis was plaintiff, against Joseph Pierson and Robert Y. Brent, executors of Robert Brent, [Case No. 900,] a final decree was passed against the said Joseph Pierson and Robert Y. Brent, executors of Robert Brent, and the said Joseph Pierson and Robert Y. Brent, executors of Robert Brent, having entered an appeal from the said decree of the said circuit court to the supreme court of the United States, and obtained a citation," &c.; "Now the condition," &c., "is that if the said Joseph Pierson and Robert Y. Brent, executors of Robert Brent, shall prosecute their appeal to effect, and answer all damages and costs, if they fail to make their plea good, then the above obligation to be void, otherwise to remain in full force and virtue." The declaration, after setting forth the bond, (with profert,) and the condition, says: "Nevertheless, the said plaintiffs, in fact, say, that after the making of the said writing obligatory, to wit, at the term of January, 1828, the said cause came on to be heard before the said supreme court of the United States, and the said decree of the said circuit court was thereupon affirmed, with costs, to wit, on the 11th of February, 1828, at the county aforesaid, of which the defendant then and there had notice, whereby the said Joseph Pierson and Robert Y. Brent, executors of Robert Brent, did not prosecute their appeal to effect. And the said plaintiffs, for assigning a further breach of the said condition of the said writing obligatory, according to the form of the statute in such case made

and ·provided, further say, that the said Joseph Pierson and Robert Y. Brent, executors of Robert Brent, did not, after making the said writing obligatory, namely, on the said 11th of February, 1828, or on any other day between that day and the day of the impetration of this writ, namely, at the county aforesaid, answer the damages and costs, if they should fail to make their plea good, but suffered and permitted the same, to a large amount, (namely, the sum of eleven hundred and one dollars and 75-100, with interest from the 29th day of July, (18—,) as also the sum of —— by the court adjudged to the said plaintiffs, for their costs and ·charges by them, about their suit, in that behalf laid out and expended; and also the further sum of thirty-two dollars and ninety-four cents, by the said supreme court likewise adjudged to the said plaintiffs for their costs and charges by them, about their suit, in that behalf expended,) to be, and remain due, and in arrear, and unpaid, whereby an action hath accrued to the said plaintiffs to have and demand of and from the said defendant, the said sum of two thousand five hundred dollars, above demanded; yet the said defendant, although often requested so to do, hath not yet paid the said sum of two thousand five hundred dollars, above demanded, or any part thereof, to the said plaintiffs, but the same to pay hath hitherto wholly refused, and still doth refuse, to the damage of the said plaintiffs, one thousand dollars, and therefore they bring suit," &c.

To this declaration, the defendant, after oyer, demurred, and assigned the following causes of demurrer: 1st. Because the decree of the circuit court, referred to in the declaration, is not set forth. 2d. Because the judgment of the supreme court is not particularly set forth. 3d. Because the bond only binds the assets of Robert Brent, deceased, and it does not appear, in and by the declaration, that there are assets wherewith the said judgment could be paid. 4th. Because it does not appear, by the declaration, that the defendants are, at this time, liable, personally, to the payment of the moneys claimed by the said declaration. 5th. Because the whole proceedings are erroneous and illegal.

Mr. R. S. Coxe, for plaintiffs, contended that the executors had, by this bond, bound themselves, personally, to pay the penalty of the bond; that it must be presumed that the judgment below was a judgment against them, personally, and for which they were personally liable, because, under the testamentary system of Maryland, (in force here,) no other judgment could be final, and no appeal lies, but from a final judgment or decree; that the defendant is bound to pay, not only the amount of the judgment below, but the costs in the supreme court, and the damages in that court, adjudged for the delay; and he cited 2 Tidd, Pr. 1082; and Laserre v. Johnson, 2 Strange, 745; 2 Ld. Raym.

1459; 16 & 17 Car. II. c. 8, § 3; 3 Jac. c. 8, as to Bail in Error; Act Md. 1789, § 22; Act Md. 1796, §§ 1, 2; 1 Hans. Ent. 22, 549; 2 Hans. Ent. 315; Smoot v. Lee, in this court, [Case No. 13,133.] See, also, Catlett v. Brodie, 9 Wheat. [22 U. S.] 553; Baits v. Peters, Id. 556; 1 Saund. 117, and Tucker v. Lee, in this court, [Case No. 14,221.]

Mr. Swann cited 1 Hans. Ent. 20, and 2 Hans. Ent. 315.

CRANCH, Chief Judge, after stating the case, as aforesaid, delivered the opinion of the court, (THRUSTON, Circuit Judge, absent.)

This is a bond with a collateral condition. The obligors are not bound as they were in the recognizance of bail in error, required in England, by the statutes of 3 Jac. c. 8, and 16 & 17 Car. II. c. 8, and in the appeal-bond required by the Maryland statute of 1713, c. 4, "to satisfy and pay, (if the judgment be affirmed,) all and singular the debts, damages, and costs adjudged upon the former judgment, and all costs and damages to be also awarded for the same delaying of execution;" but the condition of this bond is simply to prosecute the appeal to effect, and answer all damages and costs, if the appellants shall fail to make their plea good. To prosecute their appeal to effect, and to make their plea good, are equivalent expressions. If the appellants fail to prosecute the appeal to effect, they fail to make their plea good, and vice versa. The obligation, then, is simply to answer all damages and costs, if the appellants shall fail to make their plea good. They are not to pay any specified sum—they are not absolutely bound, as under the English and the Maryland law, to pay and satisfy the original judgment, or even the damages and costs that may be awarded by the appellate court for the delay, but to answer such damages and costs as the appellee shall sustain or incur by their failing to make their plea good. Before the obligee can have a cause of action upon the bond against the obligors, by reason of the appellant's not answering all damages and costs for failing to make their plea good, damages and costs must have been sustained and incurred, and must be ascertained and averred in the as-· signment of the breach of the condition of the bond; for, in contemplation of law, that which is not averred, does not exist. In this declaration, no damages are averred to have been sustained by the obligees in consequence of the failure of the appellants to make their plea good, or to prosecute their appeal to effect. In the case of Tucker v. Lee, in this court, at May [December] term, 1829, [Case No. 14,221,] this objection, after ·argument and great deliberation, was adjudged to be fatal in that cause. In the present case, the judgment is not set forth, either directly, or by reference to any record, so that the court can see what was the nature of that

judgment, and whether it was a judgment at law or a decree in equity. It is, indeed, called a "decree," which in general, implies that it was in a suit in equity or admiralty; but whether it was a decree for the specific execution of an agreement, or for a perpetual injunction, or whether it was against the appellants in their representative character, or personally, merely describing them as executors, does not appear; so that it is impossible for the court to ascertain, judicially, that the obligees have sustained any damages.

Nor does the declaration aver that the original decree in the court below, has not been performed and satisfied by the appellants; nor does it state what was the decree or judgment of the supreme court. These appear to the court to be fatal objections to the declaration, and therefore it is not necessary to notice another objection stated as a particular cause of demurrer; namely, that the bond binds only the assets of the testator, Robert Brent.

The judgment upon the demurrer must be for the defendant. The plaintiffs had leave to amend on payment of the costs of the amendment. This cause was afterwards settled by the parties.